UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD WILSON                                          CIVIL ACTION

VERSUS

MAJOR MOORE, ET AL.                          NO.: 3:14-cv-460-BAJ-RLB

## RULING AND ORDER

On October 24, 2014, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Edward Wilson's ("Plaintiff") Complaint (Doc. 1) be dismissed for failure to comply with the Court's orders to either pay an initial partial filing fee or show good cause for failure to do so. (Doc. 16). Specifically, Plaintiff failed to comply with this Court's directive to show cause, in writing, within twenty-one (21) days, why his complaint should not be dismissed for failure to pay the initial filing fee. Plaintiff was further directed to attach copies of his inmate account transaction statements showing withdrawals, deposits and balances of the account(s), (*see* Doc. 13 at p. 1), which he also failed to do.

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), Plaintiff had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 16 at p. 1). A review of the record indicates that Plaintiff did timely file a

traverse to the Magistrate Judge's Report and Recommendation on November 6, 2014. (Doc. 17). Plaintiff subsequently filed an affidavit in support of his motion to proceed *in forma pauperis* on November 12, 2014. (Doc. 18). Plaintiff's supplemental affidavit was still deficient in that it did not include a transaction history, although it did include a declaration that Plaintiff's average account balance for the preceding six months was $0.00 and that his average monthly deposits were $0.00. (*Id.* at p. 7).

Plaintiff states in his objection that due to inadequate access to legal assistance and "multiple location being transferred in the prison system," he was unable to timely comply with this Court's directive. However, Plaintiff provides no evidence of transfer to a different location in support of this contention. To the contrary, Plaintiff's complaint alleges a constitutional violation at Dixon Correction Institute (*see* Doc. 1 at pp. 3, 4) – the same facility where Plaintiff was incarcerated at the time of filing suit, and where Plaintiff is currently incarcerated. Accordingly, the Court finds that Plaintiff's objection is without merit.

Having carefully considered the Plaintiff's complaint and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 16)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the above captioned matter be **DISMISSED** for failure of the Plaintiff to comply with the Court's orders to either pay an initial partial filing fee or show good cause for his failure to do so.

Baton Rouge, Louisiana, this 4th day of February, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**